IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 12-111 |
| v. | : | |
| | : | CIVIL ACTION |
| HUNG NGOC VUONG | : | NO. 16-3413 |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                                                                          **April 24, 2024**

      Defendant Hung Ngoc Vuong filed a motion under 28 U.S.C. § 2255 to set aside the judgment and correct his sentence for using and carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Vuong argues his § 924(c) conviction and sentence violate due process because the predicate crime for this offense – conspiracy to commit Hobbs Act robbery – is no longer a crime of violence after the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019). Because the record reflects that Vuong's § 924(c) conviction was predicated on both conspiracy to commit Hobbs Act robbery and a completed Hobbs Act robbery, his motion shall be denied pursuant to the Third Circuit's holding in *United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023) that completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A).

**FACTUAL BACKGROUND**

      On March 21, 2012, Vuong was charged in an Indictment with one count each of conspiracy to commit Hobbs Act robbery and Hobbs Act robbery, both in violation of 18 U.S.C. § 1951, and one count of carrying, using, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). He was also charged with aiding and abetting liability pursuant

to 18 U.S.C. § 2.  These charges arose out of Vuong's participation with five co-conspirators in the robbery of the owners of the Queen's Nail Salon, located in Salisbury, Maryland to obtain the proceeds of the business in October 2009.  Indictment 1-3, ECF No. 10.  Specifically, the Indictment charged that, as part of the conspiracy, Vuong met with a co-conspirator at a Philadelphia pool hall to plan the robbery and traveled with co-conspirators from Philadelphia to Maryland to further plan and prepare for the robbery.  *Id*. at 3.  Then, on October 31, 2009, Vuong traveled with multiple co-conspirators to Delmar, Maryland to the personal residence of the nail salon's owners where, after gaining access to the home through force, they assaulted and threatened family members of the salon's owners using a pistol, tied them up with duct tape, and stole money and jewelry from the home.  *Id*. at 3-4.  The Indictment identified both conspiracy to commit Hobbs Act robbery and Hobbs Act robbery as predicates for the § 924(c) charge.  *Id*. at 6.

On July 12, 2012, in accordance with a plea agreement with the Government, Vuong pled guilty to Counts One and Three of the Indictment charging him with conspiracy to commit Hobbs Act robbery and using and carrying a firearm in furtherance of a crime of violence.  Plea Agreement, ECF No. 24.  He was sentenced on October 10, 2012 to 46 months' imprisonment on Count One (Conspiracy) and to the mandatory minimum consecutive term of 84 months' imprisonment on Count Three (§ 924(c)) for a total term of 130 months' incarceration, followed by five years of supervised release.

On June 17, 2016, after receiving appointed counsel from the Federal Community Defender Office, Vuong filed the instant § 2255 motion based upon the Supreme Court's then-recent decision in *Johnson v. United States*.  In that case, the Supreme Court invalidated the "residual clause" in the definition of a "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) as unconstitutionally vague and held that imposing an increased sentence

under the clause violated due process. *See Johnson*, 576 U.S. at 597, 606.  Vuong argued *Johnson* applied with equal force to the similarly-worded residual clause in the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B), thereby disqualifying conspiracy to commit Hobbs Act robbery as a crime of violence under the statute.  Initially, Vuong's motion was stayed pursuant to a court-wide Administrative Order, and on June 28, 2021, the Court ordered the motion to remain stayed pending the resolution of the relevant issues by the appellate courts.  Because those issues have since been resolved, the stay is properly lifted as this motion is now ripe for adjudication.

**DISCUSSION**

Under 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside, or correct the sentence if it was imposed in violation of the Constitution or laws of the United States, if the court was without jurisdiction to impose the sentence, if it exceeded the maximum allowed by law, or if it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to § 2255(b), a district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case *conclusively show* that the prisoner is entitled to no relief." *United States v. Scripps*, 961 F.3d 626, 631-32 (3d Cir. 2020) (citation omitted).  In evaluating whether a hearing is necessary, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).  While the threshold for obtaining an evidentiary hearing on a § 2255 motion is "reasonably low," *United States v. Booth,* 432 F.3d 542, 546 (3d Cir. 2005) (citation omitted), "vague and conclusory allegations" in the motion "may be disposed of without further investigation by the District Court." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Because it is clear from the record of this case that Vuong is not entitled to any relief, the Court need not hold an evidentiary hearing.

Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence.'" *Davis*, 139 S. Ct. at 2324 (quoting § 924(c)(1)(A)).  A "crime of violence" is a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.§ 924(c)(3).

*Davis* was decided while Vuong's § 2255 motion was pending.  Following the same reasoning it used in *Johnson*, and in *Sessions v. Dimaya*, 584 U.S. 148 (2018) which invalidated the strikingly similar residual clause of 18 U.S.C. § 16,[1] the Supreme Court likewise found § 924(c)(3)(B) to be unconstitutionally vague. *Davis*, 139 S. Ct. at 2325-26, 2336.  This means that after *Davis*, to uphold a conviction and sentence under § 924(c)(1), the predicate crime must categorically be a "crime of violence" pursuant to the "elements" clause of § 924(c)(3)(A).  *See Stoney*, 62 F.4th at 111 n.2.  ("[N]ow, only § 924(c)(3)(A), the 'elements clause,' contemplates whether a felony offense qualifies as a crime of violence").

The defendant in *Stoney* argued that because the Indictment under which he was charged did not specify that the predicate crime of violence was completed Hobbs Act robbery, he thus

---

[1]  18 U.S.C. § 16 defines "Crime of Violence" for purposes of many federal statutes to mean:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

pled guilty only to the minimum conduct criminalized by the statute – attempted Hobbs Act robbery – which the Supreme Court held was not a valid § 924(c)(3)(A) predicate offense in *United States v. Taylor*, 142 S. Ct. 2015, 2021 (2022). Vuong makes a similar argument, asserting that because he pled guilty only to conspiracy to commit Hobbs Act robbery, and not Hobbs Act robbery, conspiracy was the predicate for his § 924(c) conviction. Hobbs Act conspiracy, like attempted Hobbs Act robbery, is generally acknowledged to not qualify as a § 924(c) predicate crime of violence, *see, e.g. United States v. Duhart*, 803 F. App'x 267, 271 (11th Cir. Feb. 7, 2020); *United States v. Barrett*, 937 F.3d 126, 130 (2d Cir. 2019), *abrogated on other grounds by Lora v. United States*, 143 S. Ct. 1713 (2023); *United States v. Sims*, 914 F.3d 229, 233-34 (4th Cir. 2019); *United States v. Lewis*, 907 F.3d 891, 895 (5th Cir. 2018).

In *Stoney*, however, the court made clear that "[t]he inquiry into the underlying predicate crime of violence is fact based." 62 F.4th at 112. Therefore, the courts "must look not only at the indictment but also at the 'plea agreement and the attendant factual proffer' to determine the predicate crime of violence for a § 924(c) guilty plea." *Id.* (quoting *In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019)). Because Stoney admitted at his change of plea hearing to using a loaded gun during the restaurant holdup in which he and his co-defendants stole over $8,000, the Third Circuit held there was "no question that Stoney's § 924(c) conviction is predicated on a completed Hobbs Act robbery, which 'has as an element the . . . use of physical force against the person of another.'" *Id*. (quoting § 924(c)(3)(A)).

Here too, Vuong admitted at his change of plea hearing that participated in a completed Hobbs Act robbery – the home invasion robbery of the Queen's Nail Salon owners' residence – during which one of his co-conspirators brandished a pistol and struck one of the victims with it. Tr. Plea Hrg. July 12, 2012, 14-16, 25-31, ECF No. 43. In his plea agreement with the

Government, Vuong further acknowledged that one of his co-conspirators also used the firearm to strike one of the robbery victims on the head. Guilty Plea Agreement, 1, ECF No. 24. Accordingly, the fact that Vuong only pled guilty to Hobbs Act conspiracy does not matter because, in confessing that a firearm was used in the commission and furtherance of the robbery, Vuong also admitted to participating in the robbery which, as the Government pointed out during the plea hearing, was "included in Count 1 as an overt act." *Id*. at 7. Thus, Vuong admitted the robbery was completed and that he participated in it. *See United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020) (finding no error in district court's jury instruction that either conspiracy or armed bank robbery would count as a predicate crime for a § 924(c) conviction, where the jury convicted the defendants of both offenses and there was "no 'reasonable possibility' that the jury based its § 924(c) convictions only on the conspiracy as opposed to the bank robbery counts.")

Vuong's § 924(c) conviction and sentence therefore remain valid, and his motion shall be denied.

Finally, Vuong also has not shown that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong as required for the issuance of a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hence, no certificate of appealability shall issue.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
_____
Juan R. Sánchez,        J.